Tyrone **BALLIET** and Brian **Bartholomew**

v.

**BLUE RIDGE PRESSURE CASTINGS, INC., and International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, UAW, and UAW Local No. 1098, and Leo Ebner and Brian Harakal.**

Civ. A. No. 82–3759.

United States District Court, E.D. Pennsylvania.

Oct. 7, 1983.

---

Anthony DiMassa, Philadelphia, Pa., for plaintiffs.

Richard H. Markowitz, William T. Josem, Philadelphia, Pa., for all defendants except Blue Ridge Pressure Castings, Inc.

Larry J. Rappoport, Allentown, Pa., for Blue Ridge Pressure Castings, Inc.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is a motion for summary judgment on behalf of both union and individual defendants.[1]  This case arises under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.  Plaintiffs allege that defendants have breached a duty due them by that section to fairly represent members of a labor organization in grievance proceedings. Plaintiffs also allege that this Court has pendent jurisdiction over the state law claims of tortious interference with contract rights and inducing breach of contract (plaintiffs' complaint, para. 11).  For reasons stated herein, summary judgment is granted for the defendants on the unfair representation claim and the state law claims are dismissed for lack of jurisdiction.

### I. *Facts*

Plaintiffs were hired in September 1980 by Blue Ridge Castings, Inc. as permanent strike replacements.[2]  Subsequently, the defendant unions and Blue Ridge entered into a collective bargaining agreement which covered, inter alia, the method to be used regarding layoffs (plaintiffs' complaint, exhibit "A").  In November 1981, Blue Ridge reduced its work force, laying off some employees but retaining plaintiffs.  The union then filed a grievance alleging that, under the terms of the collective bargaining agreement, Blue Ridge improperly laid off employees with greater seniority than plaintiffs (plaintiffs' complaint, exhibit "B").  Unable to resolve the dispute, it was submitted to arbitration.  An arbitration hearing was held, but plaintiffs never received notice of it nor did they attend. Nevertheless, the arbitrator directed Blue Ridge to replace plaintiffs with employees on the layoff rolls who had the highest plant-wide seniority (plaintiffs' complaint, exhibit "D").  Blue Ridge refused to comply with the arbitrator's award and sought to

---

1.  The two union defendants are the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW) and UAW Local No. 1098.  The individual defendants are Leo Ebner, a representative of UAW and Brian Harakal, president of Local 1098.  Plaintiffs' complaint also alleges breach of contract by their employer Blue Ridge Pressure Castings, Inc., under the Labor Management Relations Act of 1947, 29 U.S.C. § 141, *et seq.* (plaintiffs' complaint, para. 10).  However,

Blue Ridge is not a party to the motion for summary judgment now before the Court.

2.  Plaintiffs were both hired into the general department, Bartholomew as a permanent replacement in the Die-Repair classification and Balliet as a permanent replacement in the Shipping and Receiving Coordinator classification (plaintiffs' complaint, para. 20, 21).

have it vacated.[3] Before Blue Ridge and the defendants agreed to resubmit the dispute to a second arbitration, plaintiffs filed this action. Plaintiffs received notice of the second arbitration hearing and participated in the hearing.[4] In an award dated September 23, 1983, the arbitrator determined that plaintiffs are to be removed from their positions and replaced by two qualified employees from the layoff list who have the greatest seniority in the General Department.

## II. *Discussion*

■ The defendants allege that the issues raised by plaintiffs' complaint are moot because of the second arbitration hearing. The Court agrees. In *County of Los Angeles v. Davis,* 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), the Supreme Court articulated a two-pronged test for mootness under circumstances that apply here. A case may become moot if (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the violation. *Id.* at 631, 99 S.Ct. at 1383. Applying this test to plaintiff's claim of unfair representation, summary judgment must be granted.

■ Plaintiffs' unfair representation claim arises out of the duty imposed on unions by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. This duty requires that all unions fairly represent all of their union members. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), *see also Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct.

1048, 47 L.Ed.2d 231 (1976); *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *Smith v. Hussman Refrigerator Co.,* 619 F.2d 1229 (8th Cir.1980). Here, the alleged unfair representation involves discriminatory treatment by failing to adequately represent plaintiffs' interests during the layoff dispute and at the first arbitration hearing. As defendants point out, however, a second arbitration hearing, at which plaintiffs' interests were adequately represented, was agreed to by the union and was convened to decide *de novo* the same issue decided at the initial hearing, i.e., whether plaintiffs were improperly retained during layoffs. This second hearing completely and irrevocably eradicated any lack of fair representation which might have occurred at the initial hearing. Under these circumstances, even if all doubts and inferences arising from plaintiffs' claims are resolved in plaintiffs' favor, the two-pronged test for mootness is still met.[5] Accordingly, since there is no dispute as to adequate representation of plaintiffs' interest at the second hearing, summary judgment must be granted for defendants on the unfair representation claim.

■ In their complaint, plaintiffs have alleged that this Court, in addition to having jurisdiction over the unfair representation claim by virtue of 28 U.S.C. §§ 1331, 1337, has pendent jurisdiction over the state claims of interference with contract rights and inducing breach of contract. These claims stem from plaintiffs' prior work activity with a different employer. Plaintiffs allege that they terminated their prior employment in reliance upon defendants' rep-

**3.** In its attempt to vacate the arbitrator's decision, Blue Ridge filed an action in Pa. Common Pleas Court. Defendants removed the action to the United States District Court for the Middle District of Pennsylvania and it was later dismissed pursuant to Fed.R.Civ.P. 41(b) upon agreement between the parties to resubmit the dispute to arbitration (defendant's motion for summary judgment, exhibit "B").

**4.** In defendants' affidavit in support of their motion for summary judgment, defendants state that plaintiffs participated fully, were allowed to present witnesses and evidence, and

to cross-examine witnesses at the second hearing. Plaintiffs were also represented by counsel at the second hearing. Neither plaintiffs nor portions of the transcript contradict these statements (*see* exhibit "C" of defendants' motion for summary judgment).

**5.** For the applicable standard to be used in deciding motions for summary judgment, *see Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir. 1981); *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

resentations of permanent employment at Blue Ridge (plaintiffs' complaint, para. 41–42). Plaintiffs further allege that "[a]s a result of defendant's contract breach and tortious inducement to breach the contract, and/or tortious interference with contractual rights, the plaintiffs have been caused to lose their jobs, positions and ... benefits ..." with their prior employer (plaintiffs' complaint, para. 43). Having decided that defendants are entitled to summary judgment on the unfair representation claim, and there being no diversity between the parties, the Court, in its discretion, will dismiss the pendent state claims for lack of jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

An appropriate Order will be entered.